IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| George Hopkins, | : |
| Plaintiff, | : |
| | : CIVIL ACTION No. _____ |
| v. | : |
| | : |
| Youth Education in the Arts, Inc., | : |
| | : |
| Defendant. | : |

## COMPLAINT IN CIVIL ACTION

AND NOW COMES the Plaintiff, George Hopkins (hereinafter referred to as "Hopkins" or "Plaintiff"), by and through his attorney, Buchanan Ingersoll & Rooney PC, and files this civil Complaint and avers in support thereof as follows:

### I.   PARTIES

1.  The Plaintiff is George Hopkins, a former employee of Defendant, who currently resides at 38 Oakwood Avenue, Mechanicsburg, PA 17055.

2.  The Defendant is Youth Education in the Arts, Inc. ("Yea!" or "Defendant"), the former employer of Plaintiff, who has a principal place of business located at 601 W. Hamilton Street, Allentown, PA 18101.

### II.   JURISDICTION

3.  This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331.

4.  This Court has supplemental jurisdiction over Plaintiff's state claims because those claims arise out of the same nucleus of operative fact as Plaintiff's ERISA claim.

5.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b), because the Defendant resides in this jurisdiction and/or does business therein and because all of the acts

and/or omissions giving rise to the claims set forth herein occurred in the Commonwealth of Pennsylvania and, more particularly, in this judicial district.

### III. FACTUAL BACKGROUND

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth at length.

7. Plaintiff began working for Defendant in or about September 1982, and was most recently employed as its Chief Executive Officer (hereinafter "CEO").

8. Plaintiff remained so employed until April 5, 2018, when there was a mutually agreeable cessation of employment.

9. The parties entered into a written Employment Agreement with an effective date of January 1, 2013 (hereinafter "Employment Agreement"), which provides in pertinent part as follows:

> Severance compensation is computed at the rate of 1 months salary for each year served as the CEO of the organization beginning with September of 1982. Severance is paid in equal monthly installments, each equal to the last monthly salary paid.
>
> Severance under these terms is payable upon total disability, upon retirement at or after age 62 or upon any other mutually agreed cessation of employment at Yea!

A copy of the Employment Agreement is attached hereto as "**Exhibit A**".

10. On April 5, 2018, Plaintiff tendered his resignation to Defendant.

11. Thereafter, Defendant's Board of Directors, by a majority vote, acknowledged and accepted Plaintiff's resignation, which was memorialized in the Statement the Board released on its website on April 5, 2018.

12. This separation of employment triggered the aforementioned severance provision of the Employment Agreement and qualified as a mutually-agreeable cessation of employment

thereby entitling Plaintiff to a severance payment of one (1) month salary for every year worked as CEO starting in September 1982.

13. Plaintiff's salary at the time of his resignation was $199,000.

14. Plaintiff worked for Defendant as CEO for more than thirty-five (35) years.

15. Plaintiff is entitled under the terms of the Employment Agreement to a severance payment of thirty-five (35) months of his salary, calculated based on his salary at the time of his resignation of employment with Defendant which was $199,000 (hereinafter "Severance Payment").

16. Plaintiff, at all times, remained in compliance with the terms of the Employment Agreement and satisfied all terms and conditions thereof.

17. Plaintiff was not discharged for cause.

18. As of the present time, Defendant has not paid Plaintiff the Severance Payment.

19. As of the date of his resignation, Plaintiff incurred $43,074.24 of business-related expenses that have not been reimbursed by Defendant.

20. Plaintiff has only been paid $10,000.00 of those business-related expenses, which leaves a remaining principal balance of $33,074.24.

21. Since being incurred and continuing subsequent to Plaintiff's resignation, these business-related expenses, which were on credit cards, have accrued interest.

22. The Employment Agreement provided for the payment of business expenses and states in pertinent part as follows:

> You will be reimbursed for all appropriate and properly documented expenses incurred in the ordinary course of your duties, assuming such expenses are incurred in good faith and in a manner consistent with Board policies and Youth Education in the Arts normal operating practices, including, without limitation, the routine budgeting and contracting processes.

3

**Exhibit A.**

23. Further, Defendant's policy and practice involved reimbursing the business-related expenses of Plaintiff.

24. These business expenses were appropriate and properly documented expenses incurred in good faith and in connection with Plaintiff's employment with and service for Defendant.

25. In 2016, Plaintiff was rewarded a $2,000.00 incentive compensation bonus which has not been paid.

26. Pursuant to the Employment Agreement, Plaintiff was also entitled to an incentive compensation bonus in 2017, which has also not been paid.

27. The Employment Agreement indicated that incentive compensation bonuses would be paid by March 31st of the following year and provided in pertinent part as follows:

> Incentive compensation will be paid no later than March 31st of the following year. If such bonus is not paid on time, interest of 1% per month on the balance due will be incurred.
>
> In the case of no action being taken by the board before March 31st a bonus will be paid at 3% of gross salary.

**Exhibit A.**

28. As Defendant did not take any action relative to Plaintiff's 2017 incentive compensation bonus, Plaintiff is entitled to 3% of his 2017 gross salary, or $5,970.00 (3% of $199,000), as his incentive compensation bonus for 2017.

29. Mr. Hopkins was provided with six (6) weeks of vacation per year per the Employment Agreement.

30. Defendant's verbal policy and longstanding practice provides that when vacation is unused, the Defendant will pay for any accrued but unused vacation time when the employee separates from employment.

31. Plaintiff only took two (2) weeks' vacation in 2016 or 2017.

32. Therefore, Plaintiff had ten (10) weeks of accrued but unused vacation at the time of his resignation of employment.

33. In correspondence dated April 10, 2018, Defendant agreed to remit payment to Plaintiff for all of his earned but unused vacation time. A copy of this letter is attached hereto as **"Exhibit B"**.

34. Therefore, Plaintiff is owed compensation for his accrued but unused vacation time which remains unpaid.

35. Defendant sponsored and administered a 401(k) Plan (hereinafter "Plan") at the times pertinent to this litigation which was a qualified plan subject to the requirements of The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

36. Plaintiff was a participant in in the Plan.

37. Defendant was a fiduciary of the Plan.

38. Plaintiff made contributions to his 401(k) Plan account in 2016 and 2017 through elective deferrals.

39. The Plan provided for matching contributions to be made into the accounts of participating employees provided the employee made elective deferrals.

40. Plaintiff made elective deferrals and was therefore eligible for matching contributions under the Plan.

41.     The amount of the matching contribution was to be determined by Defendant and would be paid at the end of the Plan year.

42.     The Plan used the calendar year as its Plan year.

43.     Defendant's Board approved a 10% matching contribution at its March 4, 2017 Board of Directors Meeting.

44.     The Plan year has ended without the matching contribution having been deposited into Plaintiff's Plan account.

45.     Accordingly, this contribution is delinquent in violation of the Plan documents and in violation of ERISA.

## COUNT I
## BREACH OF CONTRACT

46.     All of the foregoing paragraphs are hereby incorporated by reference as if set forth at length herein.

47.     There was a written Employment Agreement between Plaintiff and Defendant which provides in pertinent part as follows:

> Severance compensation is computed at the rate of 1 months salary for each year served as the CEO of the organization beginning with September of 1982. Severance is paid in equal monthly installments, each equal to the last monthly salary paid.
>
> Severance under these terms is payable upon total disability, upon retirement at or after age 62 or upon any other mutually agreed cessation of employment at Yea!

**Exhibit A.**

48.     This provision of the Employment Agreement was triggered when Plaintiff tendered his resignation to Defendant and Defendant, by and through its Board of Directors, voted to accept the resignation. *See*, **Exhibit A.**

49. This constitutes a mutually-agreeable cessation of employment pursuant to the Employment Agreement.

50. Therefore, per the terms of the Employment Agreement, Plaintiff is entitled to the payment of the Severance Payment based on his thirty-five (35) years of service as CEO.

51. Plaintiff was not terminated for cause.

52. Plaintiff was in compliance with the Employment Agreement at all times and satisfied all conditions precedent for payment of the Severance Payment.

53. Defendant has not paid Plaintiff the severance payment.

54. Therefore, Defendant has breached and is in violation of the Employment Agreement.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant and requests an award of the Severance Payment in an amount in excess of $50,000.00, plus interest, attorneys' fees, and all other relief deemed just and appropriate by the Court.

## COUNT II
## BREACH OF CONTRACT

55. All of the foregoing paragraphs are hereby incorporated by reference as if set forth at length herein.

56. There was a written Employment Agreement between Plaintiff and Defendant which provides in pertinent part as follows:

> You will be reimbursed for all appropriate and properly documented expenses incurred in the ordinary course of your duties, assuming such expenses are incurred in good faith and in a manner consistent with Board policies and Youth Education in the Arts normal operating practices, including, without limitation, the routine budgeting and contracting processes.

**Exhibit A.**

7

57. This provision of the Employment Agreement was triggered when Plaintiff incurred business expenses in connection with his employment with and service to Defendant. *See*, **Exhibit A.**

58. There is presently $33,074.24 in unreimbursed business expenses to which Plaintiff is entitled to payment per the terms of the Employment Agreement.

59. Each expense was appropriate, properly documented, in good faith, and business related thereby entitling Plaintiff to payment of the business expenses.

60. Plaintiff was in compliance with the Employment Agreement at all times and satisfied all conditions precedent for payment of the business expenses.

61. Therefore, per the terms of the Employment Agreement, Plaintiff is entitled to the reimbursement of the business expenses plus interest.

62. Defendant has not paid Plaintiff for these business expenses.

63. Therefore, Defendant has breached and is in violation of the Employment Agreement.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant and requests an award of reimbursement of the business expenses in the amount of $33,074.24, plus interest, attorneys' fees, and all other relief deemed just and appropriate by the Court.

## COUNT III
## BREACH OF CONTRACT

64. All of the foregoing paragraphs are hereby incorporated by reference as if set forth at length herein.

65. There was a written Employment Agreement between Plaintiff and Defendant which provides in pertinent part as follows:

> Incentive compensation will be paid no later than March 31st of the following year. If such bonus is not paid on time, interest of 1% per month on the balance due will be incurred.
>
> In the case of no action being taken by the board before March 31st a bonus will be paid at 3% of gross salary.

**Exhibit A.**

66. This provision of the Employment Agreement was triggered when Plaintiff awarded Plaintiff an incentive compensation bonus payment of $2,000.00 for his performance in 2016. *See*, **Exhibit A.**

67. This provision of the Employment Agreement was also triggered when Defendant's Board failed to take any action by March 31, 2018 relative to Plaintiff's incentive compensation bonus payment for his performance in 2017.

68. Pursuant to the terms of the Employment Agreement, as Defendant's Board did not take any action relative to Plaintiff's 2017 incentive compensation bonus, Plaintiff is entitled to 3% of his 2017 gross salary, or $5,970.00 (3% of $199,000), as his incentive compensation bonus for 2017.

69. Pursuant to the terms of the Employment Agreement, each incentive compensation bonus payment should have been made by March 31st of the following year.

70. Plaintiff was in compliance with the Employment Agreement at all times and satisfied all conditions precedent for payment of the business expenses.

71. Therefore, pursuant to the terms of the Employment Agreement, Plaintiff is entitled to incentive compensation bonus payments for 2016 and 2017, plus interest.

72. Defendant has not paid Plaintiff his incentive compensation bonus for either 2016 or 2017.

73. Therefore, Defendant has breached and is in violation of the Employment Agreement.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant and requests an award of payment of the incentive compensation bonuses in the amount of $7,970.00, plus interest, attorneys' fees, and all other relief deemed just and appropriate by the Court.

## COUNT IV
## BREACH OF CONTRACT

74. All of the foregoing paragraphs are hereby incorporated by reference as if set forth at length herein.

75. Defendant's verbal and long established policy and practice is to pay employees for any earned but unused vacation time at the time of separation, which constitutes a verbal contract.

76. This policy and practice was confirmed by letter to Plaintiff dated April 10, 2018, wherein Defendant, by and through its authorized agent Mike Kehoss, Chair of the Board of Directors, confirmed that Plaintiff would be paid for all earned but unused vacation time ("Vacation Pay") due to his resignation from employment. *See*, **Exhibit B.**

77. This letter of April 10, 2018 constitutes a written contract for payment of the Vacation Pay.

78. Plaintiff was in compliance with and satisfied all conditions precedent for payment of the Vacation Pay.

79. Therefore, pursuant to the terms of the verbal and written contract to pay the Vacation Pay, Plaintiff is entitled to payment of his earned but unused vacation time which equates to ten (10) weeks of pay plus interest.

80. Defendant has not paid Plaintiff the Vacation Pay.

81. Therefore, Defendant has breached and is in violation of the written and verbal contract to pay Plaintiff his Vacation Pay.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant and requests an award of payment of ten (10) weeks of Vacation Pay plus interest, attorneys' fees, and all other relief deemed just and appropriate by the Court.

## COUNT V
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

82. All of the foregoing paragraphs are hereby incorporated by reference as if set forth at length herein.

83. The Employment Agreement entitles Plaintiff to payment of incentive compensation, if awarded, and provides in pertinent part as follows:

> Incentive compensation will be paid no later than March 31st of the following year. If such bonus is not paid on time, interest of 1% per month on the balance due will be incurred.
>
> In the case of no action being taken by the board before March 31st a bonus will be paid at 3% of gross salary.

**Exhibit A.**

84. In 2016, Plaintiff was awarded a $2,000 incentive compensation bonus by the Defendant's Board of Directors.

85. That payment was due no later than March 31, 2017.

86. Pursuant to the terms of the Employment Agreement, as Defendant's Board did not take any action relative to Plaintiff's 2017 incentive compensation bonus, Plaintiff is entitled to 3% of his 2017 gross salary, or $5,970.00 (3% of $199,000), as his incentive compensation bonus for 2017.

87. That payment was due to Plaintiff no later than March 31, 2018.

88. As of this date, neither the 2016 nor the 2017 incentive compensation bonus payment has been made to Plaintiff.

89. This incentive compensation bonus payment qualifies as "wages" and "fringe benefits and wage supplements" under the Pennsylvania Wage Payment and Collection Law. 43. P.S. § 260.2a.

90. These "wages" and "fringe benefits and wage supplements" have been earned and are due.

91. The Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.1, *et seq.*, requires that an employer pay employees "wages" and "fringe benefits and wage supplements" due and earned. 43. P.S. § 260.3.

92. The incentive compensation bonus has not paid in accordance with the terms of the agreement with Defendant or in accordance with the Pennsylvania Wage Payment and Collection Law.

93. The Pennsylvania Wage Payment and Collection Law also requires any "wages" due to an employee be paid no later than the next regularly scheduled pay date following a separation of employment. 43. P.S. § 260.5.

94. Payment for these incentive compensation bonuses was not made during the next regularly scheduled pay date following Plaintiff's resignation of employment.

95. Defendant is in violation of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant and requests all available relief including but not limited to payment for the unpaid incentive compensation bonuses, liquidated damages, statutory penalties, interest, costs, fees, and attorneys' fees and all other relief deemed just and appropriate by the Court.

## COUNT VI
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

96. All of the foregoing paragraphs are hereby incorporated by reference as if set forth at length herein.

97. Pursuant to the Employment Agreement, Defendant agreed to reimburse Plaintiff for business expenses incurred in the ordinary course of his duties, which provides in pertinent part as follows:

> You will be reimbursed for all appropriate and properly documented expenses incurred in the ordinary course of your duties, assuming such expenses are incurred in good faith and in a manner consistent with Board policies and Youth Education in the Arts normal operating practices, including, without limitation, the routine budgeting and contracting processes.

**Exhibit A.**

98. Plaintiff has incurred $33,074.24 in business expenses in connection with the ordinary course of his duties which remain unreimbursed.

99. Those expenses were appropriately incurred in good faith, consistent with Defendant's policies and practices, in connection with Plaintiff's service to defendant, and were properly documented.

100. These unreimbursed business expenses constitute "wages" and "fringe benefits or wage supplements" under the Pennsylvania Wage Payment and Collection Law and are due and owing to the Plaintiff. 43. P.S. § 260.2a.

101. These business expenses have not been paid despite the obligation of Defendant to pay them.

102. The Pennsylvania Wage Payment and Collection Law also requires that any "fringe benefits or wage supplements" due to an employee be paid within ten (10) days after

such payments are required to be made or within sixty (60) days of the date when proper claim was filed by the employee when no required time for payment is specified. 43. P.S. § 260.3.

103. The business expenses were submitted for reimbursement, but remain unpaid and more than sixty (60) days has passed.

104. The Pennsylvania Wage Payment and Collection Law also requires that any "wages" due to an employee be paid no later than the next regularly scheduled pay date following a separation of employment. 43. P.S. § 260.5.

105. Payment for these business expenses was not made during the next regularly scheduled pay date following Plaintiff's resignation of employment.

106. Defendant is in violation of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant and requests all available relief including but not limited to payment for the unreimbursed business expenses, liquidated damages, statutory penalties, interest, costs, fees, and attorneys' fees and all other relief deemed just and appropriate by the Court.

## COUNT VII
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

107. All of the foregoing paragraphs are hereby incorporated by reference as if set forth at length herein.

108. Pursuant to the Employment Agreement, Defendant agreed to pay Plaintiff a Severance Payment equal to one month for each year of service as CEO, which equates to thirty-five (35) months of pay based upon Plaintiff's years of service.

109. The Employment Agreement provides in pertinent part as follows:

> Severance compensation is computed at the rate of 1 months salary for each year served as the CEO of the organization beginning with September of 1982. Severance is paid in equal monthly installments, each equal to the last monthly salary paid.

>Severance under these terms is payable upon total disability, upon retirement at or after age 62 or upon any other mutually agreed cessation of employment at Yea!

**Exhibit A.**

110. The Severance Payment constitutes "wages" and "fringe benefits or wage supplements" under the Pennsylvania Wage Payment and Collection Law and is due and owing to the Plaintiff. 43. P.S. § 260.2a.

111. The Severance Payment has not been paid despite the obligation of Defendant to pay it.

112. The Pennsylvania Wage Payment and Collection Law requires that any "fringe benefits or wage supplements" due to an employee be paid within ten (10) days after such payments are required to be made or within sixty (60) days of the date when proper claim was filed by the employee when no required time for payment is specified. 43. P.S. § 260.3.

113. Plaintiff resigned on April 5, 2018 and the Board of Directors ratified his resignation.

114. Therefore, more than sixty (60) days has passed without payment.

115. The Pennsylvania Wage Payment and Collection Law also requires that any "wages" due to an employee be paid no later than the next regularly scheduled pay date following a separation of employment. 43. P.S. § 260.5.

116. Payment of the Severance Payment was not made during the next regularly scheduled pay date following Plaintiff's resignation of employment.

117. Defendant is in violation of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant and requests all available relief including but not limited to payment for the Severance Payment in an amount in

excess of $50,000.00, plus liquidated damages, statutory penalties, interest, costs, fees, and attorneys' fees and all other relief deemed just and appropriate by the Court.

## COUNT VIII
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

118. All of the foregoing paragraphs are hereby incorporated by reference as if set forth at length herein.

119. Defendant's policy and practice is to pay employees for any earned but unused vacation time at the time of separation.

120. This policy and practice was confirmed by letter to Plaintiff dated April 10, 2018, wherein Defendant, by and through its authorized agent Mike Kehoss, Chair of the Board of Directors, confirmed that Plaintiff would be paid for all earned but unused vacation time ("Vacation Pay") due to his resignation from employment. *See*, Exhibit B.

121. The Vacation Pay constitutes "wages" and "fringe benefits or wage supplements" under the Pennsylvania Wage Payment and Collection Law and is due and owing to the Plaintiff. 43. P.S. § 260.2a.

122. The Vacation Pay has not been paid despite the obligation of Defendant to pay it.

123. The Pennsylvania Wage Payment and Collection Law requires that any "fringe benefits or wage supplements" due to an employee be paid within ten (10) days after such payments are required to be made or within sixty (60) days of the date when proper claim was filed by the employee when no required time for payment is specified. 43. P.S. § 260.3.

124. Plaintiff resigned on April 5, 2018 and the Board of Directors ratified his resignation.

125. Therefore, more than sixty (60) days has passed without payment.

126. The Pennsylvania Wage Payment and Collection Law also requires that any "wages" due to an employee be paid no later than the next regularly scheduled pay date following a separation of employment. 43. P.S. § 260.5.

127. Payment of the Vacation Pay was not made during the next regularly scheduled pay date following Plaintiff's resignation of employment.

128. Defendant is in violation of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant and requests all available relief including but not limited to payment for the Vacation Pay, liquidated damages, statutory penalties, interest, costs, fees, and attorneys' fees and all other relief deemed just and appropriate by the Court.

## COUNT IX
## EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 ("ERISA")

129. All of the foregoing paragraphs are hereby incorporated by reference as if set forth at length herein.

130. Plaintiff was a participant in the 401(k) Plan sponsored and administered by Defendant and brings this claim pursuant to Section 502(a)(1)(B) of ERISA to recover delinquent and unpaid matching contributions to his 401(k) Plan account.

131. Pursuant to the terms of the Plan and the actions of Defendant's Board at the March 4, 2017 Board of Directors meeting, Plaintiff was entitled to a matching contribution which was to be deposited into his 401(k) Plan account by the end of the Plan year.

132. Defendant did not make this required matching contribution in violation of the Plan documents.

133. This failure to pay the matching contribution is in violation of ERISA.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant and requests all available relief including but not limited to payment of the unpaid matching contribution and interest along with attorneys' fees and costs pursuant to Section 502(g) of ERISA and all other relief deemed just and appropriate by the Court.

Respectfully submitted,

By: _____
Anthony F. Andrisano, Jr. (PA 201231)
Sunshine Thomas, Esquire (PA 200130)
Buchanan Ingersoll & Rooney PC
409 North Second Street
Harrisburg, PA  17101-1357
Phone: (717) 237-4800
Facsimile: (717) 233-0852
Email:  anthony.andrisano@bipc.com
Email:  sunshine.thomas@bipc.com
*Attorneys for Plaintiff*

Dated: August 8, 2018