IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE HOPKINS | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION |
| | ) | |
| v. | ) | |
| | ) | No. 18-CV-03393-EGS |
| YOUTH EDUCATION IN THE ARTS, INC. | ) | |
| | ) | ***JURY TRIAL DEMANDED*** |
| Defendant | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT WITH COUNTERCLAIM

Defendant, Youth Education in the Arts, Inc. ("YEA" or "Defendant"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby answers Plaintiff's Complaint and asserts the following defenses and counterclaim:

### I.    PARTIES

1.    Admitted.

2.    Admitted.

### II.    JURISDICTION

3.    Denied.  The averments of this paragraph are denied as conclusions of law to which no response is required.

4.    Denied.  The averments of this paragraph are denied as conclusions of law to which no response is required.

5.    Denied.  The averments of this paragraph are denied as conclusions of law to which no response is required.

## IV.    FACTUAL BACKGROUND

6.    Defendant incorporates herein by reference its responses to the preceding paragraphs.

7.    Admitted.

8.    Denied as stated.   It is admitted only that plaintiff's employment with defendant ended effective April 5, 2018.  It is specifically denied that "there was a mutually agreeable cessation of employment."

9.    Admitted in part, Denied in part.  It is admitted that plaintiff and Defendant had previously entered into a 4 year employment agreement dated April 1, 2013 and with a stated effective date of January 1, 2013.  (A true and correct copy of the April 1, 2013 agreement is attached hereto and marked as Exhibit "A")  Subsequently, the parties entered into a revised  5 year agreement, dated December 15, 2013, with the same effective date of January 1, 2013.  (A true and correct copy of the December 15, 2013 agreement is attached hereto and marked as Exhibit "B")  Lastly, on or about January 16, 2018 the parties rescinded and terminated the December 15, 2013 agreement and entered into a new 5 year employment agreement with an effective date of January 1, 2018.  (A true and correct copy of the January 16, 2018 employment agreement is attached hereto and marked as Exhibit "C").  The aforesaid employment agreements are set forth in written documents which speak for themselves and any characterization of such documents are therefore denied.

10.    Admitted.  By way of further response, on April 5, 2018 the plaintiff verbally notified the defendant's Board of Directors ("Board") of his resignation from all employment with defendant, effective immediately.

11.     Admitted in part, Denied in part.  It is admitted only that plaintiff's resignation of employment was acknowledged.  It is denied that defendant "accepted" such or was in any position to accept or decline the fact that plaintiff had quit his employment effective immediately.  By way of further response, to the extent that any statement was posted on defendant's website, such statement was set forth in a writing and speaks for itself and any characterization of such by plaintiff is therefore denied.

12.     Denied.  To the contrary, no such contractual provision or obligation existed as of April 5, 2018.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

13.     Denied as stated.  It is admitted that plaintiff received bi-weekly pay in the gross amount of $7,709.80.

14.     Admitted.

15.     Denied.  To the contrary, no such contractual provision or obligation existed as of April 5, 2018.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

16.     Denied.  It is denied that the December 15, 2013 employment agreement was still in effect as of April 5, 2018 and, to the contrary, said employment agreement concluded in 2017 and was expressly terminated and ended by plaintiff's acceptance of and execution of the January 16, 2018 employment agreement.   Subject to and without waiving the foregoing, plaintiff's unilateral resignation in the face of allegations of serious misconduct expressly violated any terms of employment.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

17.    Denied.  To the contrary, when faced with allegations of serious misconduct, plaintiff unilaterally chose to resign and quit his employment.  Plaintiff was subsequently notified that his employment with defendant was deemed to have been terminated for cause by defendant.

18.    Admitted.  By way of further response plaintiff is not entitled to any severance payment.

19.    Denied.  To the contrary, all legitimate, acceptable and verified business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

20.    Denied.  It is denied that any additional payment for reimbursement of business expenses is due plaintiff.  To the contrary, all legitimate, acceptable and verified business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

21.    Denied.  After reasonable investigation defendant lacks sufficient information or knowledge to admit or deny the averments of this paragraph and the same are therefore denied and strict proof is demanded at the time of trial, if relevant.  By way of further response, all legitimate, acceptable and verified business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

22.    Denied.  To the contrary, no such contractual provision or obligation existed as of April 5, 2018.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

23.    Denied as stated.  Legitimate, acceptable and verified business related expenses properly incurred by plaintiff while in defendant's employment and timely submitted for reimbursement would be reimbursed.   All legitimate, acceptable and verified business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

24.     Denied.  To the contrary, all legitimate, acceptable and verified business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

25.     Admitted in part, Denied in part.  It is admitted that plaintiff was awarded a bonus in 2016.  It is denied that it hasn't been paid and, to the contrary, defendant tendered payment of such to plaintiff.

26.     Denied.  To the contrary, no such contractual provision or obligation existed as of April 5, 2018.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

27.     Denied.  To the contrary, no such contractual provision or obligation existed as of April 5, 2018.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

28.     Denied.  To the contrary, no such contractual provision or obligation existed as of April 5, 2018.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

29.     Admitted in part, Denied in part.  It is admitted that plaintiff was awarded six (6) weeks of vacation as set forth in the January 16, 2018 employment agreement.  It is denied that the agreement referenced by plaintiff in his complaint was still valid and in effect.

30.     Denied.

31.     Denied.  After reasonable investigation defendant lacks sufficient information or knowledge to admit or deny the averments of this paragraph and the same are therefore denied and strict proof is demanded at the time of trial, if relevant.

32.     Denied.

33.     Denied.  Plaintiff references a written document the contents of which speak for itself and therefore any characterization of such by plaintiff is denied.

34.     Denied.  To the contrary, plaintiff was paid for any vacation time to which he was entitled.

35.     Admitted in part, Denied in part.  It is admitted that defendant had a 401(k) plan in place.  The remaining averments within this paragraph are denied as conclusions of law to which no response is required.

36.     Admitted.

37.     Denied.  It is admitted that defendant had a 401(k) plan in place.  The remaining averments within this paragraph are denied as conclusions of law to which no response is required.

38.     Admitted.

39.     Denied as stated.  "The Plan" which plaintiff references is set forth in detail within a written document, the contents of which speaks for itself and therefore any characterization of any provisions with the aforesaid 401(k) plan are denied.

40.     Admitted in part, Denied in part.  It is admitted that plaintiff participated in defendant's 401(k) plan.  The remaining averments are denied as "The Plan" which plaintiff references is set forth in detail within a written document, the contents of which speaks for itself and therefore any characterization of any provisions with the aforesaid 401(k) plan are denied.

41.     Denied as stated.  "The Plan" which plaintiff references is set forth in detail within a written document, the contents of which speaks for itself and therefore any characterization of any provisions with the aforesaid 401(k) plan are denied.

42.     Denied as stated.  "The Plan" which plaintiff references is set forth in detail within a written document, the contents of which speaks for itself and therefore any characterization of any provisions with the aforesaid 401(k) plan are denied.

43.     Admitted.

44.     Admitted.

45.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.


## COUNT I
## BREACH OF CONTRACT

46.     Defendant incorporates herein by reference as though fully set forth at length the responses to the preceding paragraphs of plaintiff's complaint.

47.     Denied.  To the contrary, no such contractual provision or obligation existed as of April 5, 2018.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

48.     Denied.  To the contrary, no such contractual provision or obligation existed as of April 5, 2018.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

49.     Denied.  To the contrary, no such contractual provision or obligation existed as of April 5, 2018.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

50.     Denied.  To the contrary, no such contractual provision or obligation existed as of April 5, 2018.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

51.     Denied.  To the contrary, when faced with allegations of serious misconduct, plaintiff unilaterally chose to resign and quit his employment.  Plaintiff was subsequently notified that his employment with defendant was deemed to have been terminated for cause by defendant.

52.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

53.     Admitted.  By way of further response plaintiff is not entitled to any severance payment.

54.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

WHEREFORE, Defendant Youth Education in the Arts, Inc., denies any liability to the plaintiff and demands judgment in its favor together with costs.

## COUNT II
## BREACH OF CONTRACT

55.     Defendant incorporates herein by reference as though fully set forth at length the responses to the preceding paragraphs of plaintiff's complaint.

56.     Denied.  To the contrary, no such contractual provision or obligation existed as of April 5, 2018.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

57.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.  Lastly, all legitimate, acceptable and verifiable business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

58.     Denied.  It is denied that any additional payment for reimbursement of business expenses is due plaintiff.  To the contrary, all legitimate, acceptable and verifiable business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

59.     Denied.  It is denied that any additional payment for reimbursement of business expenses is due plaintiff.  To the contrary, all legitimate, acceptable and verifiable business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

60.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.  Lastly, all legitimate, acceptable and verifiable business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

61.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response the allegations of this paragraph are conclusions of law to which no response is

required, and accordingly, they are denied. Lastly, all legitimate, acceptable and verifiable business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

62. Denied. To the contrary, all legitimate, acceptable and verifiable business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

63. Denied. It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended. By way of further response the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied. Lastly, all legitimate, acceptable and verifiable business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full.

WHEREFORE, Defendant Youth Education in the Arts, Inc., denies any liability to the plaintiff and demands judgment in its favor together with costs.

## COUNT III
## BREACH OF CONTRACT

64. Defendant incorporates herein by reference as though fully set forth at length the responses to the preceding paragraphs of plaintiff's complaint.

65. Denied. It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended. By way of further response the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

66. Denied. It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended. By way of further

response the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

      67.     Denied.

      68.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

      69.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

      70.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

      71.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

      72.     Denied.  Defendant tendered payment of the 2016 bonus to plaintiff, which was refused by plaintiff.  By way of further response, it is denied that plaintiff is entitled to any such payment.

73.    Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

WHEREFORE, Defendant Youth Education in the Arts, Inc., denies any liability to the plaintiff and demands judgment in its favor together with costs.


## COUNT IV
## BREACH OF CONTRACT

74.    Defendant incorporates herein by reference as though fully set forth at length the responses to the preceding paragraphs of plaintiff's complaint.

75.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

76.    Denied.  By way of further response, the aforesaid letter is set forth in a writing, the contents of which speak for itself and plaintiff's characterization of such is therefore denied.

77.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

78.    Denied as a conclusion of which to which no response is required.

79.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required.

80    Denied.  Any vacation pay to which plaintiff was entitled has been tendered to plaintiff.

81.    Denied.  By way of further response the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

WHEREFORE, Defendant Youth Education in the Arts, Inc., denies any liability to the plaintiff and demands judgment in its favor together with costs.

## COUNT V
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

82.     Defendant incorporates herein by reference as though fully set forth at length the responses to the preceding paragraphs of plaintiff's complaint.

83.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

84.     Admitted.

85.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

86.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

87.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

88.     Denied.  To the contrary any payments to which plaintiff was entitled to from defendant have been tendered in full to plaintiff.

89.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

90.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

91.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

92.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

93.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

94.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

95.     Denied.  By way of further response the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

WHEREFORE, Defendant Youth Education in the Arts, Inc., denies any liability to the plaintiff and demands judgment in its favor together with costs.


## COUNT VI
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

96.     Defendant incorporates herein by reference as though fully set forth at length the responses to the preceding paragraphs of plaintiff's complaint.

97.     Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

98.     Denied.  All legitimate, acceptable and verified business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full. By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

99.     Denied.  All legitimate, acceptable and verified business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full. By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

100.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

101.    Denied.  All legitimate, acceptable and verified business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full. By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

102.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

103.    Denied.  All legitimate, acceptable and verified business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full. By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

104.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

105.    Denied.  All legitimate, acceptable and verified business related expenses properly incurred by plaintiff while in defendant's employment have been paid in full. By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

106.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

WHEREFORE, Defendant Youth Education in the Arts, Inc., denies any liability to the plaintiff and demands judgment in its favor together with costs.

## COUNT VII
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

107.    Defendant incorporates herein by reference as though fully set forth at length the responses to the preceding paragraphs of plaintiff's complaint.

108.    Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

109.    Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

110.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

111.    Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended, and it is further denied that any severance payments are owed to plaintiff.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

112.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

113.    Denied.  To the contrary, when faced with allegations of serious misconduct, plaintiff unilaterally chose to resign and quit his employment on April 5, 2018.  Plaintiff was subsequently notified that his employment with defendant was deemed to have been terminated for cause by defendant.

114.    Denied.  It is denied that the agreement which plaintiff references was still valid and in effect as of April 5, 2018 when his employment with defendant ended.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

115.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

116.    Denied.  It is denied that plaintiff was entitled to any severance payment.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

117.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

WHEREFORE, Defendant Youth Education in the Arts, Inc., denies any liability to the plaintiff and demands judgment in its favor together with costs.

## COUNT VIII
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

118.    Defendant incorporates herein by reference as though fully set forth at length the responses to the preceding paragraphs of plaintiff's complaint.

119.    Denied.

120.    Denied.  By way of further response, the aforesaid letter is a writing, the contents of which speak for itself, and plaintiff's characterization of such is therefore denied.

121.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

122.    Denied.  Any vacation pay to which plaintiff was entitled has been tendered to plaintiff.

123.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

124.    Denied.  To the contrary, when faced with allegations of serious misconduct, plaintiff unilaterally chose to resign and quit his employment on April 5, 2018.  Plaintiff was subsequently notified that his employment with defendant was deemed to have been terminated for cause by defendant.

125.    Denied.  Any vacation pay to which plaintiff was entitled has been tendered to plaintiff.

126.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

127.    Denied.  Any vacation pay to which plaintiff was entitled has been tendered to plaintiff.

128.    Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

WHEREFORE, Defendant Youth Education in the Arts, Inc., denies any liability to the plaintiff and demands judgment in its favor together with costs.


## COUNT IX
## EMPLOYMENT RETIREMENT INCOME SECURITY ACT OF 1974 ("ERISA")

129.    Defendant incorporates herein by reference as though fully set forth at length the responses to the preceding paragraphs of plaintiff's complaint.

130.    It is admitted only that plaintiff participated in defendant's 401(k) plan.  The remainder of the averments in this paragraph are denied as conclusions of law to which no response is required, and accordingly, they are denied.

131.    Denied.  The Plan is a written document and plaintiff's characterizations thereof are denied.  The remaining allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

132.    Admitted only that defendant did not make a 401(k) contribution for 2017.  The remainder of the allegations of this paragraph are conclusions of law to which no response is required, and accordingly, they are denied.

133.    Denied as conclusions of law to which no response is required, and accordingly, they are denied.

WHEREFORE, Defendant Youth Education in the Arts, Inc., denies any liability to the plaintiff and demands judgment in its favor together with costs.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring this claim.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited by the applicable statute of limitations.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff and Defendant entered into a 4 year employment agreement dated April 1, 2013, with a stated effective date of January 1, 2013.  (A true and correct copy of the April 1, 2013 agreement is attached hereto and marked as Exhibit "A")

### **FIFTH AFFIRMATIVE DEFENSE**

Thereafter the parties entered into a revised  5 year agreement, dated December 15, 2013, with the same effective date of January 1, 2013.  (A true and correct copy of the December 15, 2013 agreement is attached hereto and marked as Exhibit "B")

### **SIXTH AFFIRMATIVE DEFENSE**

On or about January 16, 2018 the parties rescinded and terminated the December 15, 2013 agreement and entered into a new 5 year employment agreement with an effective date of January 1, 2018.  (A true and correct copy of the January 16, 2018 employment agreement is attached hereto and marked as Exhibit "C").

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff thereafter attempted to unilaterally terminate the January 16, 2018 contract by notifying a board member of his request to withdrawal his signature from the agreement.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff terminated any employment agreement in existence with defendant and was at all times relevant hereto an employee at will.

## NINTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiff terminated the December 15, 2013 by his acceptance and execution of the January 16, 2018 employment agreement and which agreement remained in full force and effect as of April 5, 2018 when his employment with Defendant ended.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's behavior while within defendant's employment violated defendant's policies and procedures and employment agreements and constituted misconduct and cause for termination.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was paid and/or tendered payment of all wages and benefits he was due.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim any claim for damages under the Pennsylvania Wage Payment and Collection Law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim any claim for damages under the Employee Retirement Income Security Act of 1974 ("ERISA")

## FOURTEENTH AFFIRMATIVE DEFENSE

At no time did defendant breach or violate any terms or conditions of plaintiff's employment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state any claim for breach of contract.

WHEREFORE, Defendant Youth Education in the Arts, Inc., denies any liability to the plaintiff and demands judgment in its favor together with costs.

## COUNTERCLAIM

1.     On April 5, 2018, the Philadelphia Inquirer published an article in which nine women, including former cadets and employees (some of whom were minors at the time), accused plaintiff of sexual misconduct, sexual abuse and rape.

2.     Six days later, on April 11, 2018, another article ran in the Philadelphia Inquirer in which two additional women reported being raped by plaintiff.

3.     The aforementioned articles included lurid details of plaintiff's conduct, including ripping off his victims' clothing, drugging his victims, description of sexual acts, non-consensual sex and forcible sexual assaults.

4.     Plaintiff resigned from his employment on April 5, 2018, and was subsequently terminated by the defendant for cause.

5.     At the time of the alleged sexual assaults set forth in the aforesaid newspaper articles, plaintiff was employed as CEO of defendant.

6.     The women (some were minors at the time of the alleged assaults) identified in the aforesaid articles were all employees of the defendant or cadets performing in defendant

sponsored events at the time of the alleged assaults, and were under the supervision and authority of plaintiff.

## BREACH OF FIDUCIARY DUTY

7.      Defendant incorporates herein by reference the allegations set forth in paragraphs 1 through 6 of its Counterclaim as if the same were set forth herein at length.

8.      While employed by defendant as CEO, plaintiff was in a position of trust and confidence, and owed duties of loyalty, good faith, and confidence with due regard to the interests of defendant.

9.      Plaintiff breached his fiduciary duties and duty of loyalty owed to defendant by misusing his position as CEO for his own personal pleasure, benefit and gain by, upon information and belief, engaging in unlawful, non-consensual sexual activity with defendant employees and participants in defendant's programs.

10.      Following the publication of the aforesaid articles, several of defendant's sponsors, including Winterguard Tarps, Zildjian and Vic Firth, notified defendant that they would be withdrawing their sponsorship and financial support of defendant as the result of the allegations of plaintiff's sexual misconduct while serving as defendant's CEO, resulting in lost revenue of over $375,000.

11.      On or about April 6, 2018, Kushol Gupta notified defendant that due to the allegations regarding plaintiff, it was terminating the agreement for a performance venue at Franklin Field in Philadelphia, PA, requiring defendant to find new performance space at the last minute, resulting in loss of performing groups, lost revenue and increased expenses, with losses totaling approximately $40,000.

12.     Following the publication of the aforesaid articles regarding plaintiff's sexual misconduct, numerous bands declined to enroll and participate in USBands events scheduled in 2018 due to plaintiff's association with USBands, resulting in a loss of revenue to defendant from host fees, event registration fees, membership fees and spectator tickets of nearly $850,000.

13.     Defendant suffered constant employee turnover as a direct result of plaintiff's alleged abusive, unlawful and inappropriate conduct, in addition to his alleged sexual misconduct, while serving as CEO, causing financial loss in employee training costs of approximately $50,000.

14.     The number of donors supporting defendant declined dramatically in 2018 due to the sexual misconduct allegations regarding plaintiff, and at least eighteen specific donors informed defendant that they were no longer donating due to plaintiff's alleged conduct, resulting in a loss of revenue to defendant of approximately $113,000.

15.     DeMoulin and Yamaha clinics, workshops, and appearances were cancelled due to the allegations of Hopkins' sexual misconduct, resulting in a loss of revenue to defendant of approximately $30,000.

16.     A wine-tasting event which raised over $10,000 in 2017 was cancelled for 2018 due to the allegations regarding Hopkins.

17.     As a result of the allegations of sexual misconduct regarding Hopkins, defendant has incurred crisis communication fees and legal fees of over $105,000.

18.     Defendant has incurred financial and other losses and damages as detailed in the foregoing paragraphs, and will continue to suffer financial losses and damages, as a direct and proximate result of plaintiff's aforesaid conduct, which conduct constitutes a direct and deliberate breach by plaintiff of his fiduciary duty and duty of loyalty to defendant.

WHEREFORE, Youth Education in the Arts, Inc. requests judgment in its favor and against plaintiff on YEA's Counterclaim, including an award of actual damages, incidental and consequential damages, punitive damages, and attorneys fees.


**MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN, P.C.**

By:   */s/ Paul G. Lees*
          Paul G. Lees, Esquire
          Identification No. 68886
          4905 W. Tilghman Street, Suite 300
          Allentown, PA 18104
          (484) 895-2321
          (484) 895-2303 (fax)
Date: November 15, 2018          pglees@mdwcg.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Defendant's Answer and Counterclaim was electronically filed with the Court on November 15, 2018 and is available for viewing and downloading from the ECF System. The following counsel of record was served via electronic notification:

Anthony (T.J.) Andrisano, Esquire
Buchanon Ingersoll & Rooney, P.C**.**
409 N. Second Street, Suite 500
Harrisburg, PA  17101-1357
*Attorney for Plaintiff*

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN, P.C.

By:___*/s/ Paul G. Lees*_____
        Paul G. Lees, Esquire
        Identification No. 68886
        4905 W. Tilghman Street, Suite 300
        Allentown, PA 18104
        (484) 895-2321
        (484) 895-2303 (fax)
        pglees@mdwcg.com